UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY TRAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.   4:18-cv-00628<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TIMOTHY TRAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONVERGENT OUTSOURCING, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person residing in Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "provides inbound and outbound receivables management across all stages of the consumer and commercial life cycle on both a first and third party basis."[1] Headquartered at 800 SW 39th Street, Renton, Washington 98057, Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff. Defendant identifies itself as a debt collector.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Since at December 2017, Plaintiff has been receiving calls to his cellular phone, (214) XXX-0992, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0992. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the phone number (469) 708-2930 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

---

[1] http://www.convergentusa.com/receivables/ (last accessed February 15, 2018)

12. Upon information and belief, the above referenced phone number ending in 2930 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

14. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular Phone, so Plaintiff was confused as to why Defendant was contacting him.

15. Upon speaking with Defendant, Plaintiff was informed that Defendant is acting as a debt collector attempting to collect upon a debt ("subject debt") allegedly owed by Plaintiff resulting from fees incurred upon the closing of a bank account once held by Plaintiff.

16. Frustrated by Defendant's calls, Plaintiff demanded that Defendant cease contacting him on his cellular phone.

17. Despite Plaintiff's demand that the calls cease, Plaintiff has still received constant phone calls from Defendant up until the filing of this complaint.

18. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

19. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the constant calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Specifically, §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant continuously called Plaintiff after being asked to stop placing calls to his cellular phone. Defendant called Plaintiff at least 30 times after he demanded that Defendant cease placing calls to his cellular phone. This repeated behavior of systematically calling Plaintiff's phone in

4

spite of his demand was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's plea with the goal of annoying and harassing him.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff, no less than 30 times, in a short period of time after Plaintiff demanded that the calls cease. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

32. As such, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TIMOTHY TRAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting a handful of seconds in length, that Plaintiff experiences during answered calls from Defendant is indicative that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's calls to Plaintiff's cellular phone points to the involvement of an ATDS.

36. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. As such, Plaintiff could not have given Defendant consent to contact him. Even if Defendant did have consent to contact Plaintiff on his cellular phone, any such consent was explicitly revoked by virtue of Plaintiff's demand that Defendant cease placing calls to Plaintiff's cellular phone.

37. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C). Defendant's willful conduct is exemplified by its persistent calling of Plaintiff's cellular phone despite Plaintiff's demand that the calls cease.

WHEREFORE, Plaintiff, TIMOTHY TRAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

43. The TDCA, pursuant to Tex. Fin. Code Ann. §392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 30 times after he requested that Defendant cease placing the unwanted and harassing calls. This repeated behavior of systematically calling Plaintiff's phone in spite of his request that the calls

cease was harassing and abusive. Furthermore, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, TIMOTHY TRAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. §392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. §392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

45. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

46. The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

47. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

48. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

49. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

50. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

8

51. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff. Defendant called Plaintiff through means of an ATDS after he demanded that Defendant cease placing calls to his cellular phone. Defendant ignored Plaintiff's request by continuing to systematically place calls to his cellular phone without his consent. By doing so, Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff on his cellular phone when it did not. Defendant was obligated under the TCPA to cease its contacts. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done with knowledge that consumers are unlikely to be aware of their rights and are susceptible to sustained pressure.

52. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

54. Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that he did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff on his cellular phone. Yet, Defendant acted in defiance of Plaintiff's request and the law by continuing to bombard him with collection calls. In an unfair and unconscionable manner, Defendant called Plaintiff at least 30 times in an attempt to harass him.

55. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unconscionable practice, especially after being told by Plaintiff that he does not want to be contacted.

56. As stated, Defendant is also in violation of the TDCA. "A violation of the TDCA is a per se deceptive trade practice under the DTPA, and is actionable under the DTPA." Tex. Fin. Code. Ann. § 392.404(a).

57. Thus, Defendant's harassment campaign does not only violate the TDCA, as evidenced above, but also constitutes a per se deceptive trade practice pursuant to the DTPA. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TIMOTHY TRAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: February 27, 2018 | Respectfully submitted, |
| /s/ Marwan R. Daher<br>Marwan R. Daher, Esq.<br>*Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Avenue, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181 ext. 109<br>mdaher@sulaimanlaw.com | /s/ Omar T. Sulaiman<br>Omar T. Sulaiman, Esq.<br>*Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Avenue, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181 ext. 108<br>osulaiman@sulaimanlaw.com |